IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,267

LUKE GANNON, by his Next Friends and Guardians, et al.,
*Appellees,*

v.

STATE OF KANSAS,
*Appellant.*

ORDER

The court notes Kansas Solicitor General Anthony Powell's entry of appearance as counsel for State of Kansas.

In *Gannon v. State*, 309 Kan. 1185, 443 P.3d 294 (2019) (*Gannon VII*), the court retained jurisdiction to ensure continued legislative compliance with the school funding requirements of article 6, § 6(b) of the Kansas Constitution as mandated in *Gannon v. State*, 308 Kan. 372, 420 P.3d 477 (2018) (*Gannon VI*). In 2019 House Substitute for Senate Bill 16 (S.B. 16), the Legislature scheduled a series of incremental increases to the base aid for student excellence (BASE) culminating in school year 2022-2023. The court retained jurisdiction to ensure the State's implementation of the phased-in financial solution in S.B. 16, which solution the court accepted in *Gannon VI*.

The State now asks the court to issue the mandate, noting that the BASE increases have been implemented. The plaintiffs acknowledge the BASE increases and the Legislature's appropriation of funding for both school years 2023-2024 and 2024-2025 using the approved formula, but they argue no one can know whether these amounts are sufficient. Given the court's stated purpose was to retain jurisdiction to ensure implementation of the phased-in amounts and that has occurred, a majority of the court

1

grants the State's motion. The court directs the Clerk of the Appellate Courts to issue the mandate instanter.

Justice Rosen dissents. Given the legislative history of school funding, Justice Rosen would deny the State's motion and continue to withhold the mandate.

The court notes the plaintiffs' response to the State's motion and the State's reply thereto.

The court denies Kansas Governor Laura Kelly's application to file a brief amicus curiae under Supreme Court Rule 6.06 (2023 Kan. S. Ct. R. at 38). The court does not currently permit the filing of a brief by an amicus curiae when, as here, the court has not invited the parties to submit briefs on a motion. See Supreme Court Rule 5.01 (2023 Kan. S. Ct. R. at 31) (generally governing appellate motions practice).

The court directs that this order be published in the official Kansas Reports.

STEGALL, J., not participating.

Dated this 6th day of February 2024.